

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,308-01

### EX PARTE STEDMON DEWBERRY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 11F0763-005 IN THE 5TH DISTRICT COURT
### FROM BOWIE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to fifty years' imprisonment. The Sixth Court of Appeals affirmed his conviction. *Dewberry v. State*, No. 06-12-00025-CR (Tex. App. – Texarkana, September 6, 2012)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because counsel failed to consult with a ballistics expert, failed to present testimony from eyewitnesses who would

have supported the theory that someone other than Applicant fired the fatal shot, failed to object on the basis of hearsay when the State introduced out-of-court statements of eyewitnesses, and failed to contact and present testimony from character witnesses during the punishment stage.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel.

Specifically, trial counsel shall state why he did not consult with a ballistics expert or call such an expert to testify at trial. Trial counsel shall state whether he was aware of the existence of eyewitnesses Ozeal Floyd and Sherrod Dawson, and if so, why he did not call them to testify on Applicant's behalf. Trial counsel shall state why he did not make hearsay objections when the State introduced out-of-court statements from witnesses Tawakkia Wrigtner, Brandon Antwine, Demitrick Nard, Stemond Abdullah and Joseph Hawkins. Finally, trial counsel shall state whether he obtained the names and contact information of potential character witnesses Rickey D. Greene, Praise Greene, Debra Nevels and Susie Warren, and if so, why he did not call them to testify on Applicant's behalf at punishment. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the

performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 17, 2015
Do not publish